**VERLANDER ENTERPRISES, INC.,**
**d/b/a Village Inn, Appellant,**

v.

**Sonya GRAHAM, Appellee.**

**No. 08–96–00119–CV.**

Court of Appeals of Texas,
El Paso.

Oct. 3, 1996.

Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

Richard T. Marshall, Howell Cobb, III, Richard, Lee, Cobb & Hall, El Paso, for appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an appeal by writ of error from a default judgment. We reverse and remand for trial.

### FACTS AND PROCEDURAL HISTORY

On August 24, 1995, Sonya Graham filed an original petition in a non-subscriber work related injury case against Verlander Enterprises, Inc. Graham allegedly sustained injuries when she fell on a wet floor while working at a Village Inn restaurant Verlander owns. On August 25, 1995, the district clerk issued a citation to "VERLANDER ENTERPRISES, INC. d/b/a VILLAGE INN, through its authorized agent for service of process, MR. JIM GORE, 5835 Onix, Ste. 300, El Paso, Tx 79912." The attached

return recites, in a pre-printed paragraph, that it is served "by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times and places, to wit: . . . ." The deputy wrote in "Jim Gore," "9/6/95," "10:10 am," and "5835 Onix" under the name, date, time, and place of service spaces provided below the pre-printed portion of the return.

Graham filed a Motion for Correction of Return along with a supporting affidavit from the deputy. The motion and the supporting affidavit alleged that the deputy had served Verlander "by and through its vice-president, Mr. Jim Gore," but had stated on the return only that service was made on "Jim Gore." Graham requested the trial court's authorization to correct the return to reflect service on Verlander through Jim Gore as its vice-president. The trial court found that Graham had intended to serve Verlander through Gore and on October 24, 1995, issued an order as follows:

1. Plaintiff be and is hereby authorized to have the return dated September 6, 1995 on the citation directed to the above-named Defendant [Verlander], corrected so as to conform to law.

2. Plaintiff be permitted to withdraw the citation and forward it to the Sheriff of El Paso County, Texas, for proper return of citation.

The sheriff executed a corrected return, this time stating that he served "VERLANDER ENTERPRISES, INC., d/b/a VILLAGE INN by service made upon its vice-president, Jim Gore" at 10:10 a.m. on September 6, 1995 at 5835 Onix. On October 25, 1995, Graham filed the corrected return attached to a second citation. The second citation does not appear to have been issued by the district clerk's office because it bears no seal or signature. The only file stamp on either the second citation or the second return appears on the front of the citation. Thus, it appears from the state of the record that Graham did not withdraw the original citation and return for correction as the trial court's order authorized, but rather attempt-

ed to file a corrected return attached to an unissued citation.

Verlander never filed an answer, and Graham obtained a $185,000 judgment against Verlander at a default hearing. The trial court signed the default judgment on November 8, 1995. Verlander filed this writ of error challenging the judgment on March 22, 1996.

### DISCUSSION

■ To appeal a final judgment by writ of error to this court, the appealing party must:

(1) file the writ of error within six months after the judgment is signed;

(2) be a party to the suit;

(3) not have participated in the actual trial of the case in the trial court; and

(4) show error apparent from the face of the record.

*Canadian Triton Int'l Ltd. v. JFP Energy, Inc.*, 888 S.W.2d 235, 236 (Tex.App.—El Paso 1994, no writ); TEX.R.APP.P. 45. The first three elements are not at issue in this case. The parties dispute only whether error is apparent from the face of this record.

Verlander points to seven errors in the citations and returns in this record and assigns a point of error to each. We find Verlander's second and fourth points sufficient to dispose of this case. In its second point of error, Verlander argues that the second return is invalid because it is not attached to a validly issued citation. Verlander further asserts in its fourth point that the first return cannot support the default judgment because it shows service on "Jim Gore" rather than on Verlander through its vice-president, Jim Gore. We will address the points in chronological, rather than numerical, order and start with the fourth point challenging validity of the first return.

### The First Return

■ When a default judgment is attacked directly by writ of error to the court of appeals, it is essential that strict compliance with the Texas Rules of Civil Procedure regarding the issuance of citation, the manner and mode of service, and the return of process be shown on the face of the record.

*McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). There are no presumptions in favor of valid issuance, service, and return of citation in this situation. *Uvalde Country Club v. Martin Linen Supply Company, Inc.*, 690 S.W.2d 884, 885 (Tex.1985); *McKanna*, 388 S.W.2d at 929. Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *McKanna*, 388 S.W.2d at 929. The trial court's jurisdiction is dependent upon citation issued and served in a manner provided by law. *Wilson v. Dunn*, 800 S.W.2d 833, 836–37 (Tex.1990).

■ Graham's first return did not state, as it must, that it was delivered to the defendant Verlander through its vice-president, Jim Gore. *See Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 113 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ)(where citation recited that it was to be issued to Bavarian Autohaus, Inc., a Texas corporation, by serving its agent, Charles Vann, return showing service on "Clint Hughes V. Pres." insufficient despite statute making vice-presidents appropriate agents for service); TEX.R.CIV.P. 107. The notation "Jim Gore" on the first return does not establish that the person served is in fact the defendant's agent for service of process, nor does it establish that the defendant, Verlander, was served. The first return shows only that a person named "Jim Gore" was served with a petition in which he is not sued.

■ Graham does not argue that the first return is sufficient. Rather, she urges us to look to the record as a whole, including the deputy's affidavit, the trial court's order, and certain admissions Verlander made in its motion for new trial, to find the facts establishing valid return of the first citation. This court, however, has reconfirmed the strict compliance standard, eschewing any presumptions in favor of judgment, or any review of the whole record to establish proper service in an appeal by writ of error. *Whiskeman v. Lama,* 847 S.W.2d 327, 330 (Tex.App.—El Paso 1993, no writ); *Avila v. Avila*, 843 S.W.2d 280, 281 (Tex.App.—El Paso 1992, no writ). Further, although Ver-

lander admitted receiving Graham's petition in its motion for new trial, which appears in this record, actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render a default judgment against the defendant. *Wilson,* 800 S.W.2d at 836–37. While we recognize that the strict rules applied to defaults on writ of error sometimes lead the courts to rather weird conclusions, preventing us from making even the most obvious and rational inferences, we believe good public policy favors the standard. The end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits. We believe this policy justifies what may at first blush seem a hyper-technical rule. *Whiskeman,* 847 S.W.2d at 329 n. 1.

Because we find that the first return was insufficient to convey jurisdiction upon the trial court, we sustain Verlander's fourth point of error. We now turn to the question of whether the corrected return is sufficient to convey jurisdiction on the trial court. On the facts presented, we must find that it is not.

### *The Second Return*

In its second point of error, Verlander alleges that the second return is also invalid because it is not attached to a validly issued citation. The Rules of Civil Procedure require that the return be endorsed on or attached to the citation. TEX.R.CIV.P. 107. The second, corrected, return was never endorsed on or attached to the original citation. Although the second return was intended as an amendment of the first return pursuant to Rule 118, we do not read Rule 118 to abrogate Rule 107's requirement that the return, whether original or amended, be endorsed on or attached to the citation[1]. Graham cites no authority that would allow us to so interpret Rule 118. Further, the trial court's order did not amend the return by its own terms but authorized Graham to "have the return dated September 6, 1995 on the citation directed to the above-named Defendant,

corrected so as to conform to law .... [and] withdraw the citation and forward it to the Sheriff of El Paso County, Texas, for proper return of citation." This Graham did not do.

The citation to which the second return is attached is not signed by the clerk under seal of court as required by Rule 99. TEX.R.CIV.P. 99(b)(2). The citation, like the return, must show strict compliance with the rules. *See McKanna,* 388 S.W.2d at 929; *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.)(for valid default judgment to stand, there must be strict compliance with the Rules of Civil Procedure respecting the issuance of citation, the manner and mode of service, and the return of process). Thus, the second return is neither endorsed on or attached to the originally issued citation, nor endorsed on or attached to another validly issued citation.

Accordingly, we find the second citation and return insufficient to convey jurisdiction on the trial court, and we sustain Verlander's second point of error.

### *Was the Court's Order Sufficient to Convey Jurisdiction?*

Graham argues that an amended return was not required because the trial court's order, in itself, was sufficient to show proof of service in accordance with the rules pursuant to *Higginbotham v. General Life & Accident Ins. Co.,* 796 S.W.2d 695 (Tex.1990). We disagree. The Supreme Court decided *Higginbotham* in the context of an appeal from the trial court's refusal to grant a new trial after a default judgment. The court found that the trial court's order denying the defendant's new trial after an evidentiary hearing necessarily implied a finding that service had been proper. The court found the order "tantamount to formal amendment of the return of citation." Significantly, however, the Supreme Court warned that the holding in *Higginbotham:*

> clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." TEX.R.CIV.P. 118.

---

1. Rule 118 reads: "At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it

[S]hould not be mistaken as a retreat from our line of cases holding that the record of service supporting a default judgment must show strict compliance with the rules governing service of process. *See, e.g., McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965); *Eagle Life Ins. Co. v. George*, 473 S.W.2d 311 (Tex.Civ.App.—Beaumont 1971, writ ref'd). We adhere to our rule that 'failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect.' *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985).

Most of these opinions addressing the requirement that the record show strict compliance are writ of error attacks on default judgments. In such cases there is no record of service other than the citation return, and its recitations, taken as true, must show strict compliance with service requirements. We are not to be understood as holding that the citation return alone in this case would have been sufficient to show valid service. Our holding in this case is restricted to situations in which there is a record (such as the evidence at the hearing on motion for new trial) showing strict compliance with a valid method of service and an order expressly amending the return or that is tantamount to an order amending the return of citation. *Higginbotham*, 796 S.W.2d at 697.

In this writ of error proceeding, we have neither a record from an evidentiary hearing showing strict compliance with a valid method of service nor an order expressly amending the return or that is tantamount to an order amending the return of citation. The order in this case merely authorized Graham to have the sheriff correct the return; it did not purport to amend the return by its own terms. Accordingly, we find *Higginbotham* inapplicable to the facts of this case.

### CONCLUSION

Having sustained Verlander's second and fourth points, which attacked the validity of both the first and second returns, we find that the trial court lacked jurisdiction to enter the default judgment. Our disposition of these points makes it unnecessary for us to reach Verlander's remaining points. Accordingly, we reverse the judgment of the trial court and remand the cause for trial on the merits, or other proceedings consistent with this opinion.