NO. 07-01-0489-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 1, 2002
_____

EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES

                                                 Appellant

v.

DAVID FISH, INDEPENDENT ADMINISTRATOR OF
THE ESTATE OF SUSAN BEACH FISH, DECEASED,

                                                 Appellee
_____

FROM THE 64th DISTRICT COURT OF HALE COUNTY;

NO. A-31570-0105; HON. JACK MILLER, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Equitable Life Assurance Society of the United States (Equitable) initiated this restricted appeal to reverse the default judgment entered against them and in favor of David Fish (Fish), independent administrator of the estate of Susan Beach Fish, deceased. The grounds urged on appeal purportedly warranting reversal are two. Specifically, Equitable contends that entry of the judgment was error because Fish failed to state (in its

live pleading) a cause of action upon which relief could have been granted and the return of service was defective.[1] We reverse the default judgment.

The record reveals that citation was issued. The entity designated to be served was "Equitable Life Assurance Society of the United States by serving registered agent: Paula Holderfield[,] 12377 Merit Drive, Suite 1800[,] Dallas, Tx 75251." The officer's return of service discloses that citation was served "at 12377 Merit Dr *#1500* within the County of Dallas at 1:40 o'clock pm [sic] on the 16th day of July, 2001, by delivering to the within named *Paula Holderfield* in person . . . ." (Emphasis added). As can be seen, the suite number differed between the designation of the person to be served and the designation of the person who was served. So too did the name of the entity to be served differ. While the citation was directed to "Equitable Life Assurance Society of the United States by serving registered agent: Paula Holderfield," the return identified "Paula Holderfield" without reference to her capacity as registered agent of the defendant. Given the discrepancy between the name of the party to whom the citation was directed and the name of the individual upon whom it was served, the "original return fails absolutely to show service on the defendant . . . ." *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (holding that because the return stated that citation was served on "'James Barker'" when the citation was directed to "Barker Construction's registered agent 'James M. Barker, 128 Northwest Ellison, Burleson, Johnson County, Texas 76028,'" the return of citation was defective); *accord*, *Verlander Enterprises, Inc. v. Graham*, 932 S.W.2d 259, 261-62 (Tex. App.--El Paso 1995,

---

[1]Because the second ground is dispositive, we address only it.

2

no writ) (holding the same). Consequently, because the return was fatally defective, the default judgment cannot stand. *Id.* This coupled with the record's disclosure that the elements of a restricted appeal have been satisfied leads us to conclude that Equitable's second issue should be sustained.[2] *Id.*

Accordingly, the judgment is reversed and the cause is remanded.

Brian Quinn
Justice

Do not publish.

---

[2]Under Texas Rule of Appellate Procedure 26.1(c) and 30, a party who 1) has not participated in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion, request for findings of fact, or notice of appeal and 2) subsequently files a notice within six months of the judgment may take a restricted appeal. The record at bar does not disclose that Equitable participated in the hearing from which judgment arose or filed the documents mentioned by Rule 30. However, it does reveal that Equitable tendered a notice of appeal approximately three months after the default judgment was signed.