NO. 07-04-0078-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 22, 2004


______________________________



WILLIAM H. FORD,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2003-486284; HON. DRUE FARMER, PRESIDING



________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant William H. Ford, by and through his attorney, has filed a motion to dismiss
this appeal because he no longer desires to prosecute it. Without passing on the merits
of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's request, no
motion for rehearing will be entertained, and our mandate will issue forthwith.

 Brian Quinn

 Justice

Do not publish.



YLE="font-size: 10pt">Paula Holderfield in person . . . ." (Emphasis added). As can be seen, the suite
number differed between the designation of the person to be served and the designation
of the person who was served. So too did the name of the entity to be served differ. While
the citation was directed to "Equitable Life Assurance Society of the United States by
serving registered agent: Paula Holderfield," the return identified "Paula Holderfield"
without reference to her capacity as registered agent of the defendant. Given the
discrepancy between the name of the party to whom the citation was directed and the
name of the individual upon whom it was served, the "original return fails absolutely to
show service on the defendant . . . ." Barker CATV Const., Inc. v. Ampro, Inc., 989 S.W.2d
789, 793 (Tex. App.--Houston [1st Dist.] 1999,no pet.) (holding that because the return
stated that citation was served on "'James Barker'" when the citation was directed to
"Barker Construction's registered agent 'James M. Barker, 128 Northwest Ellison,
Burleson, Johnson County, Texas 76028,'" the return of citation was defective); accord,
Verlander Enterprises, Inc. v. Graham, 932 S.W.2d 259, 261-62 (Tex. App.--El Paso 1995,
no writ) (holding the same). Consequently, because the return was fatally defective, the
default judgment cannot stand. Id. This coupled with the record's disclosure that the
elements of a restricted appeal have been satisfied leads us to conclude that Equitable's
second issue should be sustained. (2) Id.

 Accordingly, the judgment is reversed and the cause is remanded.


 Brian Quinn

 Justice

 Do not publish. 

 
1. Because the second ground is dispositive, we address only it.
2. Under Texas Rule of Appellate Procedure 26.1(c) and 30, a party who 1) has not participated in the
hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion,
request for findings of fact, or notice of appeal and 2) subsequently files a notice within six months of the
judgment may take a restricted appeal. The record at bar does not disclose that Equitable participated in the
hearing from which judgment arose or filed the documents mentioned by Rule 30. However, it does reveal
that Equitable tendered a notice of appeal approximately three months after the default judgment was signed.