

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00088-CV

LEJ DEVELOPMENT                                            APPELLANTS
CORPORATION AND L.E. JOWELL,
JR.

V.

SOUTHWEST BANK                                              APPELLEE

----------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. Introduction

By this restricted appeal, Appellants LEJ Development Corporation (LEJ) and L.E. Jowell, Jr. (Jowell Jr.) seek reversal of the trial court's September 22, 2011 default judgment against them and in favor of Appellee Southwest Bank. Appellants argue in one issue that the trial court erred by rendering default judgment because service of citation was allegedly defective. We affirm.

## II. Background

Southwest Bank filed suit against Appellants on August 10, 2011, alleging that LEJ had defaulted on a promissory note and that Jowell Jr. was liable on the note as guarantor. Citations were prepared for service, one directed to L.E. Jowell, Jr. and the other to LEJ Development Corporation by and through L.E. Jowell, Jr. The officer's returns reflect that both citations were personally served on August 18 on "L.E. Jowell," not on "L.E. Jowell, Jr." The returns were filed with the court on August 22.

On September 19, Southwest Bank filed a motion to amend the returns and a motion for default judgment. Two amended officer's returns, each signed by the constable, were attached as exhibits to the motion to amend. The amended returns stated that L.E. Jowell, Jr. was the person on whom the constable had effectuated service of the citations to LEJ and Jowell Jr. on August 18.

On September 22, the trial court ordered that each of the original returns was "[t]hereby amended to reflect that Defendant L.E. Jowell, Jr. was served" and that LEJ "was served by and through its registered agent, L.E. Jowell, Jr." The trial court further ordered that the amended returns attached to Southwest Bank's motion to amend "should be and [were t]hereby authorized to be filed among the papers" of the case. Also on September 22, the trial court signed the "Final Default Judgment" against LEJ and Jowell Jr. The trial court's handwritten docket sheet reflects that the court signed the order granting amendment of the

2

returns before signing the default judgment. The amended returns were subsequently filed with the trial court clerk on October 3.

On December 7, 2011, Appellants filed a motion to fix date of notice and for new trial in which they claimed to have first acquired actual notice of the judgment on November 11, 2011. In an affidavit dated December 6, 2011, Jowell Jr. averred that he had incorrectly believed that Southwest Bank had to collect its debt from someone else before it could execute against his personal assets and that his misunderstanding led Appellants to not file an answer. Jowell Jr. also stated in the affidavit that he was misled into signing the loan documents at issue. Appellants later withdrew their motion to fix date of notice and for new trial, stating in open court their intention to instead rely upon their motion to dismiss for lack of jurisdiction. The trial court conducted a hearing on Appellants' motion to dismiss for lack of jurisdiction on February 2, 2012, and denied the motion. This restricted appeal followed.

### III.  Discussion

Appellants argue in one issue that the trial court erred by rendering default judgment against them because they were not properly served. Within their sole issue, Appellants contend that rule of civil procedure 118 requires notice to the defendant before amending returns, that the returns were not properly amended because they were not filed with the court prior to the judgment, that allowing amendment of the returns resulted in material prejudice to Appellants' substantial

3

rights, and that the amended returns should have been but were not attached to the original citations.

## A. Standard of Review

In a restricted appeal, our review is limited to error that appears on the face of the record. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006). When a default judgment is attacked by restricted appeal, we do not indulge any presumptions in favor of valid issuance, service, or return of service. *Reed Elsevier, Inc. v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied). Strict compliance with the procedural rules governing citation and return of service must affirmatively appear on the record if the default judgment is to withstand direct attack. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Failure to show strict compliance on the face of the record renders any attempted service invalid and requires that we set aside the default judgment. *Reed Elsevier, Inc.*, 180 S.W.3d at 905–06. But "strict compliance with the rules does not require 'obeisance to the minutest detail.'" *Williams v. Williams*, 150 S.W.3d 436, 443–44 (Tex. App.—Austin 2004, pet. denied). As long as the record as a whole shows that the citation was served on the defendant, service of process will not be invalidated. *Id.* at 444. Whether service strictly complied with the rules is a question of law that we review de novo. *Furst v. Smith*, 176 S.W.3d 864, 869–70 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

**B. Rule of Civil Procedure 118**

**1. Notice of Amendment to Returns of Service**

Appellants first argue that the trial court erred by allowing amendment of the returns of service without giving them notice of the proposed amendment. Specifically, Appellants contend that rule of civil procedure 118 "requires that a defendant receive notice of a request to the trial court to amend a return of service."

Rule of civil procedure 118 states:

> At any time in its discretion and *upon such notice and on such terms as it deems just*, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Tex. R. Civ. P. 118 (emphasis added).

Appellants cite several cases to support their argument that "Texas cases support the argument that notice to a defendant is required before a court may enter an order amending a return in that the cases addressing an amended return and a default judgment almost all have notice to a defendant." But there is no holding within those cases that notice is always required, and the mere mention of notice to a defendant in a particular case does not mean that notice is always required. For example, one case cited by Appellants involved a bill of review filed months after the default judgment. The court of appeals merely noted that "after notice and hearing, the court below signed an order permitting the officer's return to be amended pursuant to Rule 118 of the Texas Rules of

5

Civil Procedure." *Walker v. Brodhead*, 828 S.W.2d 278, 281 (Tex. App.—Austin 1992, writ denied) (holding trial court had jurisdiction twenty-two months after default judgment was final to order amendment of return of service). Notice was not at issue in that case. Each of Appellants' other cited authorities made similar, passing references to notice to the defendant, but none held that notice is always required before a return of service may be amended.[1] *See Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 696–97 (Tex. 1990) (discussing trial court amendment of return during hearing on defendants' motion for new trial); *Gonzalez v. Tapia*, 287 S.W.3d 805, 807–09 (Tex. App.—Corpus Christi 2009, pet. denied) (holding trial court did not err by granting Tapia's motion to amend proof of service during pendency of Gonzalez's petition for bill of review); *Employer's Reinsurance Corp. v. Brock*, 74 S.W.2d 435, 437 (Tex. Civ. App.—Eastland 1934, writ dism'd) (noting that trial court permitted amendment of return during hearing on defendant's motion to set aside judgment).

On its face, rule 118 gives the trial court discretion to determine the notice and terms of notice the trial court "deems just" in a particular case, *see* Tex. R. Civ. P. 118, and our sister court has held that a trial court did not err by not

---

[1]We also note that, in a slightly different context, a defendant who has neither filed an answer nor appeared in a case is not entitled to notice of a hearing before a court can properly render default judgment because the defendant "received all the notice to which it was entitled when it was originally served with process." *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188–89 (Tex. App.—Dallas 2000, pet. denied); *see Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ).

6

requiring notice to the defendant of an amendment. *See Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 113 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ) (discussing rule 118 and holding that trial court did not err "in not requiring that notice of the amendment be given to Bavarian Autohaus"). We therefore overrule Appellants' contention that rule 118 always requires notice to a defendant before a return of service may be amended. Rather, the trial court has discretion to require notice or to permit amendment without notice. Tex. R. Civ. P. 118; *see Bavarian Autohaus*, 570 S.W.2d at 113. Thus, we cannot conclude that there is error apparent on the face of the record based on the lack of notice to Appellants before the returns were amended.

### 2. Amended Returns Relate Back to Original Returns

Appellants also argue that the default judgment must be set aside because the amended returns of service were not filed before the trial court rendered the default judgment. But Appellants do not cite any authority that requires the amended returns to be filed before rendition of the default judgment. The record is clear in this case that the returns were amended before judgment, and the Texas Supreme Court has held that the trial court may enter a postjudgment order granting amendment of a return of citation pursuant to rule 118 while the trial court retains plenary power. *Higginbotham*, 796 S.W.2d at 696 (holding recitation in order denying defendants' motions for new trial after default judgment and while trial court retained plenary power, indicating service was proper, was tantamount to order amending the return of citation under rule 118 to

7

reflect service during normal business hours at defendants' home offices, thus reflecting proper service); *see also Dawson v. Briggs*, 107 S.W.3d 739, 745 (Tex. App.—Fort Worth 2003, no pet.) (holding return properly amended while trial court retained plenary power although defendant had already perfected appeal from default judgment); *Mylonas v. Tex. Commerce Bank–Westwood*, 678 S.W.2d 519, 521–22 (Tex. App.—Houston [14th Dist.] 1984, no writ) (upholding default judgment following postjudgment amendment of return of service to show service at correct address).

The record is clear that the trial court in this case amended the returns before it rendered the default judgment. Although the trial court signed both the order authorizing amendment and the default judgment on September 22, 2011, the trial court's handwritten docket sheet reflects that the court signed the order expressly amending the returns before signing the final default judgment.[2] Moreover, the default judgment itself references the amended returns. And to the extent Appellants argue that the amended returns had not been on file for ten days prior to entry of the default judgment, "[t]he law is clear that when a return is amended under Rule 118, the amended return relates back and is regarded as filed when the original return was filed." *Walker*, 828 S.W.2d at 282 (citing *Higginbotham*, 796 S.W.2d at 696–97); *Bavarian Autohaus*, 570 S.W.2d at 113;

---

[2]In addition, the amended returns were signed by the constable on September 15, 2011, and were filed with the trial court on September 19, 2011, as exhibits to Southwest Bank's motion to amend the returns.

8

*Lafleaur v. Switzer*, 109 S.W.2d 239, 241 (Tex. Civ. App.—Beaumont 1937, no writ); *Employer's Reinsurance Corp.*, 74 S.W.2d at 438. That an amended return relates back to the filing date of the original return satisfies the requirement that a return of service be on file for at least ten days before entry of judgment. *Walker*, 828 S.W.2d at 282; *see* Tex. R. Civ. P. 107; *Bavarian Autohaus*, 570 S.W.2d at 113. The original returns were filed with the trial court on August 22, 2011, were on file for more than ten days before the trial court rendered the default judgment on September 22, 2011, and the amended returns relate back to the August 22, 2011 filing date for the original returns. *Walker*, 828 S.W.2d at 282.

### 3. No Material Prejudice to Substantial Rights

Appellants also argue that the order allowing amendment of the returns materially prejudiced their substantial rights. In that regard, rule of civil procedure 118 does not permit amendment of returns of service if "it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Tex. R. Civ. P. 118. Appellants' argument, however, is only that "[i]n this case, clearly material prejudice occurred to the substantial rights of the party served. Notably, the Appellants' right to appeal a case on which they have meritorious defenses has been materially prejudiced by the entry of the order allowing the amendment of the returns." Appellants do not explain how the trial court's order amending the returns materially prejudiced their substantial rights, and we note that two courts have held that a defendant's substantial rights are not materially prejudiced when the amended return corrects

9

only a minor defect in the original return of citation. *See Mylonas*, 678 S.W.2d at 522–23 (holding Mylonas not prejudiced by amendment showing service at address on Memorial Drive rather than Memorial Way); *see also Walker*, 828 S.W.2d at 282 (holding Walker not prejudiced by amendment to show citation left with person over sixteen and to allow verification of facts shown on return). Appellants do not dispute that L.E. Jowell, Jr. was served with the citations on August 18, 2011, or that the returns of service, as amended, reflect the true facts of service. Under these circumstances, Appellants have not shown an error on the face of the record that would require the default judgment to be set aside.

## C. Rule of Civil Procedure 107

Appellants asserted at oral argument and contend in their supplemental brief that the default judgment must be set aside because the amended returns were not attached to the citations or verified as required by rule of civil procedure 107. Rule of civil procedure 107 was amended effective January 1, 2012, but the version of Rule 107 applicable to this case stated in relevant part as follows:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. . . .

10

Tex. R. Civ. P. 107, 733–34 S.W.2d XLV (1988, amended 1990) (hereinafter Former Tex. R. Civ. P. 107).[3]

As to Appellants' contention that the amended returns are defective because they were not verified, the plain language of former rule 107 required verification only when the return of citation was signed by an authorized person, not when the return was signed by an officer. *Id.*; *Myan Mgmt. Grp., L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 752 (Tex. App.—Dallas 2009, no pet.). The rule did not require that an officer verify his or her signature. Former Tex. R. Civ. P. 107; *see Myan Mgmt. Grp.*, 292 S.W.3d at 752–53. The constable who signed the returns and amended returns in this case was therefore not required to have his signature verified.

Appellants also contend that the amended returns were not "endorsed on or attached to" the original citations, thereby rendering service defective. Appellants rely on *Verlander Enters., Inc. v. Graham*, 932 S.W.2d 259, 262 (Tex. App.—El Paso 1996, no writ). *Verlander* is distinguishable because the trial court's order that authorized amendment of the return of service in that case did not amend the return by its own terms but authorized the plaintiff to "have the return . . . corrected so as to conform to law [and to] withdraw the citation and forward it to the Sheriff of El Paso County, Texas, for proper return of citation,"

---

[3]The current version of Rule 107 states that the return of service "may, but need not, be endorsed on or attached to the citation." Tex. R. Civ. P. 107(a).

which the plaintiff failed to do. *Id.* at 260. Here, the trial court's order not only authorized amendment of the returns but also stated that each of the returns of service was "[t]hereby amended to reflect" service on Jowell Jr. and on L.E.J. through Jowell Jr. Moreover, unlike the order in *Verlander*, the trial court here did not order that the original citations be withdrawn from the trial court or forwarded to the sheriff for correction. And because the original citations were not withdrawn, the amended returns could not have been attached to or endorsed on the original citations because the original citations remained on file with the trial court clerk.

Appellants also rely on a statement from *Verlander* that "[a]lthough the second return was intended as an amendment of the first return pursuant to Rule 118, we do not read Rule 118 to abrogate Rule 107's requirement that the return, whether original or amended, be endorsed on or attached to the citation." *Id.* at 262. In addition to the foregoing mentioned differences, the court in *Verlander* noted a final caveat in *Higginbotham* that its holding was restricted to cases in which there is a record such as a hearing on a motion for new trial and an order expressly amending the return or an order that is tantamount to amending the return of citation. *See Verlander*, 932 S.W.2d at 263. The court of appeals in *Verlander* pointed out that there was no such hearing nor was there an order expressly amending the return or that was tantamount to amendment but that the order merely authorized the plaintiff to have the sheriff correct the return. *Id.* In this case, there is an order expressly amending the return.

12

To the extent that the court in *Verlander* may have intended to hold that rule 118 did not override the requirement of former rule 107 that the return, whether amended or original, be endorsed on or attached to the citation, we respectfully disagree. Former rule 107 did not mention amended returns of service. And although former rule 107 required that a return of service be on file for at least ten days before the trial court could properly render default judgment, *see* Former Tex. R. Civ. P. 107,[4] Texas courts for decades have held that a return amended under rule 118 relates back to and is regarded as filed when the original return was filed. *See Walker*, 828 S.W.2d at 282. Thus, a trial court could properly render default judgment when the original return had been on file for at least ten days even though the amended return had not. *Id.*; *see Higginbotham*, 796 S.W.2d at 696–97; *Bavarian Autohaus*, 570 S.W.2d at 113; *Employer's Reinsurance Corp.*, 74 S.W.2d at 438; *see also Kubovy v. Cintas Corp.*, No. 01-02-00521-CV, 2003 WL 21299938, at *3 (Tex. App.—Houston [1st Dist.] June 5, 2003, no pet.) (mem. op.) ("[I]t has long been the law in Texas that the original and amended returns are read as one document."). In other words, when a return is amended under rule 118, the provisions of rule 118 control over any potentially conflicting provisions of former rule 107. Given that Texas courts hold that rule 118 takes precedence over former rule 107 in that context, it does

---

[4]The current version of rule 107 contains the same ten-day requirement. *See* Tex. R. Civ. P. 107(h).

not follow that rule 118 would not take precedence in this context. Rather, it is sufficient that the initial return was endorsed on or attached to the original citation because the amended return relates back to the original return and because the original and amended returns are read together as one document. *See Higginbotham*, 796 S.W.2d at 696–97; *Walker*, 828 S.W.2d at 282; *Bavarian Autohaus*, 570 S.W.2d at 113; *Employer's Reinsurance Corp.*, 74 S.W.2d at 438; *see also Kubovy*, 2003 WL 21299938, at *3.

The original returns of service in this case were endorsed on the citations themselves, and the amended returns relate back to and are read together with the original returns. We hold that the amended returns of service in this case are not defective on the ground that they are not endorsed on or attached to the citation. We overrule Appellants' sole issue.

## IV.  Conclusion

Having overruled LEJ and Jowell Jr.'s sole issue, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  July 25, 2013