Sonya GRAHAM, Relator,

v.

The Honorable John FASHING, Judge of the County Court at Law No. 2 of El Paso County, Texas, Respondent.

No. 08–96–00086–CV.

Court of Appeals of Texas, El Paso.

April 11, 1996.

Richard T. Marshall, El Paso, Hon. Howell Cobb, III, Richard, Lee, Cobb & Hall, El Paso, for Relator.

John L. Fashing, Judge, County Court at Law No. Two, El Paso, for Respondent.

Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for Real Party–In–Interest.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## *OPINION*

LARSEN, Justice.

Relator Sonya Graham seeks a writ of mandamus from this Court ordering The Honorable John Fashing, Judge of the County Court at Law No. 2 of El Paso County, Texas, to withdraw his order granting a new trial to real party-in-interest, Verlander Enterprises, Inc. d/b/a Village Inn. We will conditionally grant the writ.

Graham filed suit against Verlander on August 24, 1995. Verlander failed to answer and on November 8, 1995, the trial court granted default judgment in favor of Graham. On February 27, 1996, 111 days after the default judgment, Verlander filed a combined motion for new trial and for an extension of time to file the motion. In its sworn motion, Verlander argued that Tex.R.Civ.P. 306a(4) extended the trial court's jurisdiction to entertain the motion for new trial because Verlander did not receive notice of the default judgment until 103 days after the trial court signed the judgment. In support of its motion for new trial, Verlander alleged defects in service and Graham's failure to file a certificate of last known address as required by Tex.R.Civ.P. 239a. On March 1, 1996, the trial court found that it had extended juris-

diction pursuant to Rule 306a(4) and granted Verlander's motion for new trial.

This mandamus proceeding involves the applicability of Rule 306a(4) to situations where a party receives notice of a default judgment more than ninety days after the trial court signs the default. Generally, a party may file a motion for new trial up to thirty days after the trial court enters judgment. Tex.R.Civ.P. 329b(a). Rule 306a(4), however, operates to extend the trial court's jurisdiction under certain circumstances as follows:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed. Tex.R.Civ.P. 306a(4).

■ Graham alleges that Rule 306a(4) is inapplicable to expand the trial court's jurisdiction in this case because Verlander, according to its own sworn pleading, did not receive notice of the default judgment until well after the 90th day following entry of the default. Graham argues that notice received after the 90th day does not operate to trigger Rule 306a(4). Verlander, on the other hand, argues that Rule 306a(4) should be interpreted to start the thirty-day period for seeking a new trial when the party learns of the judgment or ninety days after the judgment is signed, whichever comes first. Thus, Verlander's thirty-day period in which to seek a new trial would commence on the 90th day after judgment. Because Verlander obtained its order granting it a new trial within the thirty-day period after the 90th day following judgment, Verlander argues that the trial court had jurisdiction to enter the new trial order. We must agree with Graham.

The Supreme Court has interpreted the language of Rule 306a(4) to restrict its appli-

cability to notice received up to, but not after, the 90th day after a judgment or other appealable order. *Levit v. Adams,* 850 S.W.2d 469, 470 (Tex.1993). In *Levit,* the Supreme Court stated:

> The Rule does not say that the 90th day itself can trigger the 30–day filing period. It says that the filing period commences when the party receives notice or acquires actual knowledge of the judgment or dismissal, and that in no event can the filing period commence more than 90 days after the signing of the judgment or order.... [N]otice received after the 90th day is simply not covered by the Rule. *Levit,* 850 S.W.2d at 470.

According to the Supreme Court's interpretation of the language of Rule 306a(4), the actual notice Verlander acquired on the 103rd day after the default judgment did not suffice to restart the trial court's jurisdiction to entertain the motion for new trial. *Levit,* 850 S.W.2d at 470–71.

Verlander candidly acknowledges the Supreme Court's holding in *Levit,* but urges that *Levit* is restricted to its factual situation. Alternatively, Verlander argues that this Court should carve out an exception to *Levit* where the prevailing party fails to file a certificate of last known address as required by Rule 239a. Regarding Verlander's first argument, the facts of *Levit* are indeed different from those presented in this case. In *Levit,* the trial court denied the plaintiff a new trial on bill of review because the plaintiff failed to seek an available alternative remedy under Rule 306a(4). The plaintiff had received notice on the 91st day after the dismissal. *Levit,* 850 S.W.2d at 470. The Court of Appeals affirmed, but the Supreme Court reversed finding that the plaintiff could not have utilized Rule 306a(4) because the plaintiff received notice of the dismissal after the 90th day. *Id.* The Supreme Court determined that since Rule 306a(4) was inapplicable, the plaintiff did not fail to pursue an available remedy, and should not be barred on that basis. We fail to see, however, that the factual differences between this case and *Levit* should lead us to a different conclusion. The essence of the *Levit* holding is the Supreme Court's interpretation of the language of Rule 306a(4): that notice received after the 90th day does not operate to extend the trial court's jurisdiction to entertain a motion for new trial. That statutory interpretation does not change with the facts. We base our holding on our application of that statutory interpretation to the facts of this case. We must therefore find Verlander's attempt to distinguish *Levit* to be without merit.

▪ Similarly, we do not find room in the language of Rule 306a(4) for the exception Verlander urges. Verlander alleges that Graham's failure to file a certificate of last known address resulted in delayed notification to Verlander. Verlander argues that it should not suffer for Graham's fault. The Rule, however, does not contemplate exceptions for fault on the part of the non-defaulting party. The Rule is concerned only with when, not with why, notice is received. It applies when a party, for any reason, receives notice between the 20th and 90th day (90th day inclusive) after the dismissal or default. Verlander did not receive notice until the 103rd day, and therefore cannot take advantage of Rule 306a. *See Levit,* 850 S.W.2d at 470.

▪ We acknowledge the irony in our determination of this issue as applied to the facts of this case. Verlander acted efficiently and obtained his remedy within 120 days of the default judgment. Had Verlander received notice thirteen days earlier, but still filed its motion and obtained its order on the very same days it actually did in this case, the trial court would have possessed jurisdiction to grant Verlander a new trial. We are constrained by the language of the Rule and *Levit,* however, to reach this result. The belated notice to Verlander came too late to trigger expanded jurisdiction for the trial court pursuant to Rule 306a(4). The trial court therefore had no jurisdiction to enter the order granting Verlander a new trial. An order entered without jurisdiction is void. *See Carrera v. Marsh,* 847 S.W.2d 337, 343 (Tex.App.—El Paso 1993, orig. proceeding). Mandamus will lie to correct entry of a void order. *Id.*

*CONCLUSION*

We conditionally grant the writ of mandamus. The writ will issue only in the event that Judge Fashing refuses to withdraw his order granting Verlander a new trial. Nothing in this opinion should be taken as a comment on the merits of Verlander's motion for new trial. Further, nothing in this opinion should be taken as a comment on any future remedy Verlander may choose to seek pursuant to Tex.R.App.P. 45.