COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ASSET PROTECTION & SECURITY | | No. 08-17-00250-CV |
| SERVICES, L.P., | § | |
| | | Appeal from |
| Appellant, | § | |
| | | County Court at Law No. 3 |
| v. | § | |
| | | of El Paso County, Texas |
| VIRGINIA ARMIJO, | § | |
| | | (TC # 2017DCV0574) |
| Appellee. | § | |

**O P I N I O N**

This restricted appeal arises from a default judgment entered against an employer in an employment discrimination lawsuit. We are asked to decide if there is error on the face of the record because (1) of typographical errors in the verification on the return of service, (2) a private process server handled the certified mailing of process, and (3) the signature on the "green card" is from an unidentified person. We need only address the last issue and reverse the judgment below.

**FACTUAL AND PROCEDURAL HISTORY**

Virginia Armijo sued Asset Protection & Security Services, L.P (APS) for employment discrimination. She filed her suit on February 17, 2017, and had the district clerk's office issue a citation reflecting service by certified mail on APS's "registered agent, CT Corporation System at 1999 Bryan St., STE 900, Dallas, TX 75201."

A private process completed the return of service. The process server certified in a block labeled "Certificate of Delivery By Mail" that a copy of the citation and Plaintiff's Original Petition were mailed by registered or certified mail to APS's agent, "CT Corporation System @ 1999 Bryan St. Ste 900 Dallas, Tx 75201." She attested the delivery was completed on March 8, 2017, as evidenced by an attached postal service Form 3811 (the "green card").

The green card is important to the issue before us. One block on the green card lists the addressee as "Asset Protection + Security Services, LP who may be served with process by serving its registered agent, CT Corporation System @ 1999 Bryan St. Ste 900 Dallas, TX 75201." Another block has a space to be completed upon delivery that asks for a signature. That line is filled in with a handwritten signature. Next to the signature line are two boxes that might be checked, one for "agent" and the other for "addressee." Neither box is checked. A separate line asks for "Received by (Printed Name)" and a date of delivery. That line appears to contain a stamped name: "Chris Wells" and a stamped delivery date of March 8, 2017. A final block asks if the delivery address is different from that stated elsewhere on the card, and if so, to enter the delivery address. That block was left entirely blank.

When APS did not timely answer, Armijo asked the trial court to enter a default judgment. Armijo attached to her motion a document that purports to be from the Texas Secretary of State, dated August 15, 2016, which lists CT Corporation System at the 1999 Bryan Street address as APS's registered agent. On June 9, 2017 the trial court entered a default judgment on liability only. After a prove-up hearing, the trial court on July 26, 2017 signed a final judgment against APS for $423,460.50. On July 31, 2017 and pursuant to Rule 239a, the district clerk notified APS

2

of the judgment by a letter addressed to CT Corporation System at the Bryan Street address.[1]

Armijo abstracted the judgment and sought a writ of execution on August 11, 2017.

APS finally appeared on November 18, 2017 by filing an answer, and motion for new trial. We preface our discussion of APS's motion for new trial with the disclaimer that the motion was untimely and was not ruled on by the trial court. APS filed the motion under TEX.R.CIV.P. 306a(4) that allows an extending filing window when a litigant only learns of a judgment in the 20th to 90th day from the date of judgment. *See Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993); *Graham v. Fashing*, 928 S.W.2d 567 (Tex.App.--El Paso 1996, orig. proceeding). APS, however, admitted it learned of the default on the 99th day following the judgment, which places it outside the ambit of Rule 306a. *Levit*, 850 S.W.2d at 470; *Graham*, 928 S.W.2d at 567. The trial court concluded that it lacked jurisdiction to hear the motion for new trial, and APS does not contend otherwise in this proceeding. Nonetheless, because Armijo considers several statements made in the filing as part of the relevant record, we briefly discuss them.

The motion for new trial asserted the same claimed defects in the return of service that we consider in this appeal. Additionally, the motion asserted that the trial court should grant a new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). In support of that claim, APS attached several affidavits to the motion that swore to the following: (1) by

---

[1] Rule 239a provides in part:

> At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket.

TEX.R.CIV.P. 239a. We do not find a certificate of APS's last mailing address as such in the district clerk's file, other than the Motion for Default that attached the Secretary of State form with the address of the agent. In any event, several courts have held that a failure to comply with Rule 239a by itself is not a valid basis to grant a restricted appeal. *See Campbell v. Fincher*, 72 S.W.3d 723, 724 (Tex.App.--Waco 2002, no pet.)(collecting cases).

June of 2015, APS decided to discontinue using C T Corporation as its agent for service and stopped paying the annual subscription fee; (2) nonetheless, on March 8, 2017, C T Corporation sent an email to three APS employees that did not formally attach the process, but directed the recipients to a location where it could be downloaded; (3) the email specifically references the date and manner of service, the identity of the plaintiff's attorney, and the method in which to calculate an answer date; (4) of the three email recipients, one was no longer employed and the other two had no responsibility for legal matters, or believed that CT Corporation was no longer the agent for service, and consequently they did not read past the first few lines of the email; (5) on April 17, 2017 C T Corporation formally resigned as the agent for service; (6) APS first learned of the suit on November 2, 2017 when it received a writ of execution.[2]

After the trial court declined to entertain APS's motion for new trial, APS filed this restricted appeal.

## STANDARD OF REVIEW

A meritorious restricted appeal: (1) must be filed within six months after the judgment was signed, (2) by a movant who was a party to the underlying lawsuit, (3) but who did not participate in the hearing that resulted in the judgment; (4) who did not timely file any post-judgment motions, and (5) error is apparent on the face of the record. *See* TEX.R.APP.P. 26.1(c) and 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Bank of New York v. Chesapeake 34771 Land Trust*, 456 S.W.3d 628, 631 (Tex.App.--El Paso 2015, pet. denied). Here, the parties contest only the fourth element--whether error appears on the face of the record.

When reviewing a default judgment in a restricted appeal, we do not indulge any presumptions in favor of proper issuance, service, and return of citation. *Primate Constr., Inc. v.*

---

[2] The motion for new trial also raises facts that APS contends constitutes a meritorious defense. As that issue is not before this Court, we defer reciting those claims.

*Silver*, 884 S.W.2d 151, 152 (Tex. 1994)(per curiam); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)(per curiam); *Whiskeman v. Lama*, 847 S.W.2d 327, 329 (Tex.App.--El Paso 1993, no writ).  Instead, the prevailing party bears the burden to prove proper service of process.  *Primate Constr.*, 884 S.W.2d at 153; *Whiskeman*, 847 S.W.2d at 328-29.

Error is apparent on the face of the record when the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation.  *Primate Constr.*, 884 S.W.2d at 152-53; *Uvalde Country Club*, 690 S.W.2d at 885; *Whiskeman*, 847 S.W.2d at 328-29.  A commonly cited example for strict compliance are those cases addressing discrepancies between the name of the defendant being sued and the name of the party served.  *See Uvalde Country Club*, 690 S.W.2d at 885 (petition identified the registered agent for service as "Henry Bunting, Jr." but the citation and return of service reflected delivery to "Henry Bunting"); *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (petition identified the defendant as "J.W. Hendon" but return of service reflected delivery to "J.N. Hendon"); *Faver v. Robinson*, 46 Tex. 204 (1876)(service was on "John R. Faver*s*" while judgment was taken against "John R. Faver"); *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310 (Tex.App.--Houston [1st Dist.] 2001, pet. denied)(citation issued to "Hercules Concrete Pumping Service, Inc." but return reflected delivery to "Hercules Concrete Pumping"); *Fleming v. Hernden*, 564 S.W.2d 157, 158-59 (Tex.Civ.App.--El Paso 1978, writ ref'd n.r.e.)(citation by publication defective where defendant was referred to variously as "Kent K*i*dder," "Kent K*e* dder," "Kent *A. D*edder" and "Kent *A.* Kedder."): *but see North Carolina Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 718 (Tex.App.--Austin 2003, pet. denied)(holding that "[n]ot all discrepancies will negate service,

5

however; omission of the business form (like 'Inc.'), insignificant words (like 'at'), or an accent mark over a letter from a company name on the service return will not invalidate service.").

Other cases have held that a failure to strictly comply with one or more of the twelve requirements for a citation under TEX.R.CIV.P. 99(b) constitutes an error on the face of the record. *See e.g*. *In Interest of T.J.T.*, 486 S.W.3d 675, 679 (Tex.App.--Texarkana 2016, no pet.)(lack of required verbiage as to answer date); *Verlander Enterprises, Inc. v. Graham*, 932 S.W.2d 259, 262 (Tex.App.--El Paso 1996, no pet.)(lack of seal); *Martinez v. Wilber*, 810 S.W.2d 461, 463 (Tex.App.--San Antonio 1991, pet. denied)(failure to include cause number on citation); *Hance v. Cogswell*, 307 S.W.2d 277, 278-80 (Tex.Civ.App.--Austin 1957, no writ)(omission of date of filing of petition, cause number, or date of issuance). The same is true for errors in the multiple requirements of a proper return of citation under TEX.R.CIV.P. 107. *See e.g*. *Midstate Envtl. Services, LP v. Peterson*, 435 S.W.3d 287, 290 (Tex.App.--Waco 2014, no pet.)(no showing return was filed, much less within ten-day prior to hearing as required by the rule); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 233 (Tex.App.--Houston [1st Dist.] 2013, no pet.)(failure to identify name of case, court, or manner of delivery in return); *Armendariz v. Barragan*, 143 S.W.3d 853, 856 (Tex.App.--El Paso 2004, no pet.)(lack of verification as required by Rule 107); s*ee also Insurance Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009)(per curiam)(reversing default judgment where return lacked required notation showing hour of receipt of citation, as required by Rules 16 and 105).

The Texas Supreme Court justifies this focus on precision by noting the parity it creates:

As we explained in *Dunn,* we rigidly enforce rules governing service when a default judgment is rendered because the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedural rules, under a

principle of equality the derelictions offset each other and the merits of the controversy may be brought forward for consideration.

*Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007), *quoting Dunn*, 800 S.W.2d at 837 and Restatement (Second) of Judgments § 3 cmt. d (1982).

## DISCUSSION

APS raises a single issue that claims the trial court erred in entering a default because APS "was not served in strict compliance with the Texas Rules of Civil Procedure." From that, APS elaborates along three distinct tracts of argument: (1) the verification on the return is defective owing to several typographical errors, (2) a private process server cannot serve process through certified mail (as distinct from the court's clerk), and (3) the record does not show the person who signed for the process was in fact an agent for C T Corporation. Before addressing those claims, however, we turn to Armijo's claim that APS has not properly raised defects in the return of citation.

### **Unassigned Error**

Armijo points out that APS's stated issue on appeal complains about how it was served, while at least two of its arguments focus on the substance of the return of service. She argues that we should defer reaching those claims because they are unassigned error. Our power of review in civil cases is constrained by what arguments appear in the parties' briefs and we cannot address unassigned error. *Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Hogg v. Lynch, Chappell & Alsup, P.C.*, 553 S.W.3d 55, 65 (Tex.App.--El Paso 2018, no pet.). We agree with these limits on our power, but conclude they are not implicated here.

The Rules of Appellate Procedure state that a party's statement of an issue covers every subsidiary question that is fairly included. TEX.R.APP.P. 38.1. The Texas Supreme Court has also instructed that "[a]ppellate briefs are to be construed reasonably, yet liberally" to avoid losing

appellate review by waiver.  *Knopf v. Gray*, 545 S.W.3d 542, 546 n.5 (Tex. 2018), *quoting Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).  APS broadly claims the trial court erred in entering the default because APS "was not served in strict compliance with the Texas Rules of Civil Procedure."  Certainly, its second and third arguments (who may serve, and who signed for the service) are subsidiary questions of whether APS was properly served.  The first issue--the verification attesting to the method, time, and manner of service--is also fairly included in that question, though it touches upon the form of the return citation.  The return is the proof of proper service.  A defect in the return of the citation thus directly relates to the broader question of proper service.

Simply mentioning an issue in passing is not enough to assign that issue for our review; "parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports their contentions."  *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex.App.--Houston [14th Dist.] 2005, no pet.).  And APS did just that through the substance of its brief that directly addresses compliance with the rules for the return of service. We conclude that APS has properly assigned error for each of the three arguments that it raises, but we need only address its last claim.

#### Does the Green Card Show a Defect on the Face of the Record?

APS's last argument is that the "green card" does not show on its face that the registered agent--C T Corporation--received the certified mailing.  A person named "Chris Wells" signed for the packet, but his relationship to C T Corporation is unknown.  The green card contains a space where he might have been identified as either the addressee being served, or as the agent of the addressee, but that space was left blank.  APS contends that the failure to identify Chris Wells as an agent for C T Corporation establishes a defect on the face of the record.  We agree.

8

A domestic corporation authorized to transact business in Texas may be served through its president, vice president, or its registered agent. *See* TEX.BUS.ORGS.CODE ANN. §§ 5.201(b), 5.255(1); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex.App.--Houston [1st Dist.] 2013, no pet.). One corporation may act as the registered agent for another domestic or foreign corporation. *See* TEX.BUS.ORGS.CODE ANN. §§ 5.201(b). A corporation is not a person capable of accepting process, however, and must be served through its agents. *See All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 727 (Tex.App.--Fort Worth 2003, no pet.). By statute, a corporation that acts as an agent of service must have an employee at its designated address available to accept the process. TEX.BUS.ORGS.CODE ANN. § 5.201(d)("A registered agent that is an organization must have an employee available at the registered office during normal business hours to receive service of process, notice, or demand. Any employee of the organization may receive service at the registered office.").

A return of a citation served by registered or certified mail must contain the return receipt with the addressee's signature. *See* TEX.R.CIV.P. 107. A number of Texas cases have held that Rule 107 requires a showing of the connection between the person signing for the process and the actual addressee. In *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, for instance, a return of service directed to the defendant's registered agent, "Lexis Document Services, Inc.," but delivered to an individual named "Danielle Smith," was insufficient to support a default judgment. 180 S.W.3d 903, 905 (Tex.App.--Dallas 2005, pet. denied). According to the Dallas court, "[t]he record must show whether the person served was in fact such an agent for the corporation acting as the registered agent." *Id*.

That same rationale has prevailed and caused the reversal of several other default judgements where the "green card" section identified a signatory but failed to identify the

9

signatory's relationship to the registered agent. *Ny-Mac Enterprises, Inc. v. Orr*, 06-18-00005-CV, 2018 WL 2436350, at *2 (Tex.App.--Texarkana May 31, 2018, no pet.)(mem. op.)("The green card, although reflecting delivery to the address for InCorp Services, Inc., was signed by Jason Casey with no indication of Casey's capacity to accept the service. Where, as here, both the 'Agent' and 'Addressee' boxes were left unchecked on the green card, the record does not indicate Casey's connection, if any, with InCorp Services, Inc."); *Paving & Seal Pro v. McConnell Cars & RV, LLC*, 04-16-00518-CV, 2017 WL 2350973, at *2 (Tex.App.--San Antonio May 31, 2017, no pet.)(mem. op.)("In this case, both return receipts were signed by 'L. Palmer' and included her printed name as 'Lisa Palmer.' However, the face of the record does not identify Lisa Palmer or her status or affiliation, if any, with either Brooks or PSP."); *MYRMAC Corp. v. P.H.*, 02-16-00319-CV, 2017 WL 1173841, at *2 (Tex.App.--Fort Worth Mar. 30, 2017, no pet.)(mem. op.)("As we previously recognized, the return receipt, which reflected the Weatherford address for McDonalds and its agent, was signed by Irma Medina. The record contains no information regarding who Irma Medina is or whether she was an authorized agent of the addressee for service of process."); *Alamo Home Fin., Inc. v. Duran*, 13-14-00462-CV, 2015 WL 4381091, at *5 (Tex.App.--Corpus Christi July 16, 2015, no pet.)(mem op.)("In addition, the return of receipt is signed, illegibly, by a Veronica Cordell. Both the 'agent' and 'addressee' boxes are left unchecked. Nowhere in the record is there any indication as to what connection Cordell has to Alamo. The record, on its face, shows that the return was not signed by the addressee or agent.").

Were there any indication that the Chris Wells who signed the green card here was employed by C T Corporation, we might view the case differently. But without such proof, the record does not affirmatively show receipt by the addressee or an agent of the addressee. If the individual who signs the receipt of delivery is not the addressee or an agent otherwise capable of

10

receiving service, service of process is invalid. *Master Capital Solutions Corp. v. Araujo*, 456 S.W.3d 636, 639-40 (Tex.App.--El Paso 2015, no pet.)(because there was no showing in the record that the person who signed for the certified mailing was authorized to do so, the face of the record failed to show strict compliance with the rules); *Southwestern Security Services, Inc. v. Gamboa*, 172 S.W.3d 90, 92-93 (Tex.App.--El Paso 2005, no pet.)("In this case, the return receipt was signed by Guillermo Montes. Guillermo Montes was not the addressee, therefore, the service of process was defective.").

Armijo does not directly challenge this body of authority.[3] Instead, she counters that the affidavits attached to APS's motion for new trial show that C T Corporation did in fact receive the mailing, because otherwise, it could not have sent an email to several APS employees notifying them of the service of process. Armijo thus claims APS's motion for new trial acts as something of a judicial admission that C T Corporation was in fact served. *Cf. Wilson,* 800 S.W.2d at 837 (noting that a defendant may waive a complaint concerning defective service by conceding the issue); *First Nat. Bank of Bryan v. Peterson*, 709 S.W.2d 276, 280 (Tex.App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.)(brief that admitted to proper service negated claim of defective service); *Metro A, LLC v. Polley,* No. 02-09-00025-CV, 2011 WL 4413233, at*4 (Tex.App.--Fort Worth Sept. 22, 2011, pet. denied)(mem.op.)(defendant judicially admitted that it was duly served). Armijo's argument is first premised on our obligation to consider the face of the record, which she contends would include all the papers on file in the appeal, including the late-filed motion for new

---

[3] She does point us to *Rooftop Group USA, Inc. v. Shopper Events LLC*, No. 14-15-01040-CV, 2017 WL 2125648 (Tex.App.--Houston [14th Dist.] May 16, 2017, pet. denied)(mem. op.) which upheld a default judgment where the Texas Secretary of State was served. Pursuant to its statutory duty, the Secretary of State then mailed notice of the suit to the registered agent, but the green card from that mailing apparently reflected receipt by a different addressee. The court rejected the claim that the receipt did not comply with Rule 107(c) because "the Secretary's certificate in the record showed strict compliance with article 2.11(B) of the Texas Business Corporations Act and was therefore sufficient to confer personal jurisdiction on appellant." 2017 WL 2125648, at *3. Nonetheless, we do not deal here with service on the Texas Secretary of State.

11

trial. Armijo, however, reads this requirement too broadly considering its history and our precedents.

At one time, courts looked only to the clerk's transcript to determine if there was error on the face of the record, but the Texas Supreme Court concluded the hearing transcripts counted as well (i.e. the reporter's record of a damages prove-up hearing). *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991). In that context, the court held that the "face of the record, for purposes of writ of error review, consists of all the papers on file in the appeal, including the statement of facts." *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). That phrase from *Norman Communications* has received varied treatment over the years.

Several courts, including this one, have at times limited consideration in a restricted appeal to the material filed as of the time of the default judgment. In *Armendariz v. Barragan*, 143 S.W.3d 853, 854 (Tex.App.--El Paso 2004, no pet.), for instance, we declined to consider an "Affidavit of Service" filed after the default judgment was entered and after the appeal was perfected. "[W]e are limited in review to the record as it existed before the trial court at the time the default judgment was rendered." *Id.* at 856; *see also Armstrong v. Minshew,* 768 S.W.2d 883, 884 (Tex.App.--Dallas 1989, no writ)(declining to allow post-default filing because "[w]e are limited in review to the record as it existed before the trial court at the time the default judgment was rendered."). A notable exception to that rule relates to a post-judgment order amending a return of service, because it then relates back to the original return. *Higginbotham v. Gen. Life and Acc. Ins. Co.*, 796 S.W.2d 695, 695 (Tex. 1990)(considering post-default order which made findings and operated as order allowing amendment of return of service); *LEJ Development Corp. v. Southwest Bank*, 407 S.W.3d 863, 867 (Tex.App.--Fort Worth 2013, no pet.)(court considered order approving pre-default amendment of return of service).

We squarely faced the issue in *Verlander Enterprises, Inc. v. Graham*, where we were asked to consider certain admissions that the defaulting party had made in its motion for new trial. 932 S.W.2d at 261-62. Those admissions allegedly established facts supporting a valid return of the citation.[4] We declined to do so, and wrote: "This court, however, has reconfirmed the strict compliance standard, eschewing any presumptions in favor of judgment, or any review of the whole record to establish proper service in an appeal by writ of error." *Id.* at 261-62, *citing Whiskeman*, 847 S.W.2d at 330 and *Avila v. Avila*, 843 S.W.2d 280, 281 (Tex.App.--El Paso 1992, no writ). We also wrote in *Graham*:

> Further, although Verlander admitted receiving Graham's petition in its motion for new trial, which appears in this record, actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render a default judgment against the defendant. *Wilson,* 800 S.W.2d at 836-37. While we recognize that the strict rules applied to defaults on writ of error sometimes lead the courts to rather weird conclusions, preventing us from making even the most obvious and rational inferences, we believe good public policy favors the standard. The end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits. We believe this policy justifies what may at first blush seem a hyper-technical rule.

*Graham*, 932 S.W.2d at 261-62. We cited to *Wilson v. Dunn* where the court concluded that "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." 800 S.W.2d 833, 836-37 (Tex. 1990). More recently we did consider the contents of a motion for new trial filed by the defaulting defendant, obviously after entry of the default judgment. *Master Capital Solutions Corp. v. Araujo*, 456 S.W.3d 636, 642 (Tex.App.--El Paso 2015, no pet.). In doing so, however, we distinguished between an admission that a party received notice of the suit, and an admission that a party was properly served under the rules. *Id.* at 642. APS asserts that same distinction here. It's motion

---

[4] And, as here, the motion for new trial in *Graham* was untimely filed. *Graham v. Fashing*, 928 S.W.2d 567, 569 (Tex.App.--El Paso 1996)(orig. proceeding)(mandamus that held trial court improperly granted Verlander Enterprises' motion for new trial because it was untimely under Rule 306a(4)).

13

for new trial conceded that C T Corporation sent it an email informing it of the suit, but APS never conceded proper service of process. The only reference to "service" is in the email from C T Corporation to the three APS employees that lists a "date served" and notes a "method of service." Neither of those form statements equate to an unequivocal admission of proper service of process under the Texas rules. *See Araujo*, 456 S.W.3d at 641 (statement in motion for new trial that defendant was "served," did not admit underlying facts that would proper service under the rules).

Accordingly, we decline to consider the affidavits in the late-filed motion for new trial, and even if we did, the affidavits only demonstrate knowledge of the suit, and not proper service of process. *See Harvestons Securities, Inc. v. Narnia Investments, Ltd.*, 218 S.W.3d 126, 132 n.11 (Tex.App.--Houston [14th Dist.] 2007, pet. denied)(similarly declining to consider substance of untimely motion for new trial in restricted appeal challenging proper service).

We sustain APS's first issue based on the defect on the return of service with respect to the green card. We do not reach the alternate claims that the verification was defective, or that a private process server cannot serve through certified mail. *See* TEX.R.APP.P. 47.1. We reverse the default judgment and remand the cause for further proceedings. Because APS appeared below, and considering Rule 123, no new service of process is necessary. *See* TEX.R.CIV.P. 123 ("Where the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed.").

January 23, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

14