

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00301-CV

_____

HWAT, Inc., individually and d/b/a Home Warranty Administrators, Appellant

V.

Eddie Agnew, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2019-006741-2

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

In this restricted appeal, Appellant HWAT, Inc., individually and d/b/a Home Warranty Administrators, brings a single issue challenging the no-answer default judgment obtained by Appellee Eddie Agnew. We sustain HWAT's argument that there is error on the face of the record because the certified-mail receipt showing service of citation on HWAT's corporate registered agent does not show that the individual who signed the receipt has a connection to the corporate registered agent. This deficiency in the proof of service is dispositive of this appeal, and we do not reach HWAT's other attacks on the proof of service. However, in addressing HWAT's service-defect complaint, Agnew asks us to consider evidence outside the appellate record as proof that HWAT had notice of the suit and that there is a connection between the person who signed the certified-mail receipt and the corporate registered agent. We cannot consider matters outside the appellate record before us, and even if we could, the fact that HWAT had actual notice of the suit does not remedy a defect in service that is apparent on the face of the record. We reverse the trial court's judgment and remand this case to the trial court for a new trial consistent with this opinion.

## II. Background

Agnew sued HWAT alleging that HWAT had committed various deceptive trade practices in the handling of a home-warranty claim. The service-of-process allegations in Agnew's petition were as follows:

> Defendant, HWAT, INC., Individually and d/b/a HOME WARRANTY ADMINISTRATORS, is a Texas corporation doing business in the State of Texas and may be served with citation by and through their registered agent for service, REGISTERED AGENT SOLUTIONS, INC., at 1701 Directors Blvd., Suite 300[,] Austin, Texas 78744.

HWAT did not answer, and Agnew filed a motion for default judgment, which alleged that HWAT had been served with process. A copy of the citation and a copy of the return of service, both of which were allegedly served on HWAT, were attached as exhibits to the motion. The following is a facsimile of the citation:

OFFICER/AUTHORIZED PERSON RETURN FOR CORPORATIONS

Received on the __6th__ day of __September__, 20_19_ at _12 P_ M., and executed the same in __Travis__ County of __Texas__ (State) on the __9th__ day of __September__ 20_19_ at _3:55 P_ M., by summoning _HWAT Inc. Individually and DBA_ _Home Warranty Administrators_ a corporation, by delivering to _Solutions Inc_ President, Vice-President, (Registered Agent) (circle one), in-person, of the said _1701 Directors Blvd #300, Austin, TX 78744_, defendant, a true and correct copy of this citation, together with an attached copy of the Plaintiff's Original Petition, with the date of service marked thereon _by Certified Mail #7019 0140 0000 4210 7686_

Total Service Fees: _Chase Bank #8133 Exp 2/28/20_ Sheriff/Constable
(Authorized Person)
$ _75_ _____ County, Texas

By _____, Deputy
(If Applicable)

SUBSCRIBED AND SWORN TO BEFORE ME on the __18th__ day of __September__, 20_19_, to certify which witness my hand and official seal.

_____ Notary Public in and for _Dallas_
County, _TX_ (State). My Commission expires __10-03-22__

**ORIGINAL CITATION**

CAUSE NO: 2019-006741-2

Eddie Agnew
vs.

HWAT, INC., Individually and d/b/a Home Warranty Administrators
B/S Reg Agent Solutions INC
1701 Directors Blvd Suite #300
Austin TX 78744

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

ISSUED THIS August 29, 2019
By: Serina Rivera, Deputy Clerk

County Court at Law No. 2
100 W. Weatherford St., Room 250
Fort Worth, Tarrant County, Texas 76196-0401

Agency: ATTORNEY

SERVICE FEES NOT COLLECTED
BY THE COUNTY COURTS AT LAW

The return of service referenced a certified-mail receipt with a particular identifying number. A certified-mail receipt bearing that number was attached as an exhibit to the motion, and the following is a facsimile of that exhibit:

The trial court entered both an interlocutory and a final default judgment. The interlocutory default judgment recited that HWAT, "although duly and legally cited to according to law to answer herein, failed to appear and wholly made default." The interlocutory default judgment went on to recite that "[t]he citation, with the officer's return thereon, has been on file with the clerk of this court for the ten (10) days required by law, exclusive of the day of filing and of this day, and [Agnew] is entitled to a default judgment on his claim against [HWAT]."

HWAT subsequently filed a notice of restricted appeal.[1]

---

[1]On the same date that it filed its notice of appeal, HWAT filed with this court a "Motion to Extend Time to File Notice of Appeal." We granted the motion; and our order recited that HWAT's notice of appeal was timely.

5

## III. Analysis

**A.** **We set forth the standards governing a restricted appeal and what constitutes the face of the record to determine whether process was properly served.**

A restricted appeal in a civil case is governed by Texas Rule of Appellate Procedure 30, which provides that

> [a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

Tex. R. App. P. 30. The Texas Supreme Court itemized the particulars that a party must establish to prevail on a restricted appeal as follows:

> (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of[] and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014).

"In a restricted appeal, the face of the record consists of all papers on file in the appeal, including any reporter's record, along with all papers on file with the trial court at the time the judgment was entered." *McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *2 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). On

6

the question of service, the return of service is prima facie evidence of the facts recited in it; thus, "[i]n a restricted appeal, defective service of process constitutes error apparent on the face of the record." *Reed Elsevier, Inc. v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pets. denied).

**B.    We set forth the rules governing service when process is served on a party's corporate registered agent by certified mail.**

The following statutes and rules establish that a corporation may utilize another corporation as its registered agent for service, that service on the corporate registered agent may be performed by a private process server by certified mail, and what must be shown to establish that service on a corporate registered agent was valid:

- A corporation must "designate and continuously maintain in this state . . . a registered agent." Tex. Bus. Orgs. Code Ann. § 5.201(a)(1).

- For a corporation, a registered agent acts as "an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." *Id.* § 5.201(b)(1).

- One of a registered agent's duties is to "receive or accept, and forward to the represented entity at the address most recently provided to the registered agent by the represented entity, or otherwise notify the represented entity at that address regarding, any process, notice, or demand that is served on or received by the registered agent." *Id.* § 5.206(a)(1).

- The registered agent of a corporation may be an individual or an organization. *Id.*; *see Reed Elsevier*, 180 S.W.3d at 905 ("A corporation may act as the registered agent for another domestic or foreign corporation.").

- "A registered agent that is an organization must have an employee available at the registered office during normal business hours to receive service of process, notice, or demand. Any employee of the organization may receive service at the registered office." Tex. Bus. Orgs. Code Ann. § 5.201(d); *see Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 383 (Tex. App.—El Paso 2019, no

7

pet.) ("By statute, a corporation that acts as an agent of service must have an employee at its designated address available to accept the process.").

- Service of citation may be by certified mail. Tex. R. Civ. P. 106.

- Service may be made by a private process server. Tex. R. Civ. P. 103.

- "When the citation [is] served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c).

- "Rule 107 requires a showing of the connection between the person signing for the process and the actual addressee." *Asset Prot. & Sec. Servs.*, 570 S.W.3d at 383.

**C.      For a default judgment to stand, there must be strict compliance with the requirements for service of process.**

When dealing with a no-answer default judgment, the Texas Supreme Court

recently stated how strictly it views the requirement of proper service of process:

> We have long held that a no-answer default judgment cannot stand when the defendant "was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Because no-answer default judgments are disfavored, *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992), and because trial courts lack jurisdiction over a defendant who was not properly served with process, *Wilson*, 800 S.W.2d at 836, we have construed "strict compliance" to mean just that. We indulge no presumptions in favor of valid issuance, service, or return of citation. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965). Service of process that does not strictly comply with the rules' requirements is "invalid and of no effect." *Uvalde*, 690 S.W.2d at 885 (citing *McKanna*, 388 S.W.2d at 929).

*Spanton v. Bellah*, 612 S.W.3d 314, 316–17 (Tex. 2020).

**D.** **Service by certified mail requires a showing that the person signing the certified-mail receipt was an agent of the corporate registered agent receiving process.**

As noted above, when service is effected by certified mail, there must be proof of a connection between the individual receiving the citation and the entity to which the citation is addressed. The El Paso Court of Appeals cataloged the cases holding that there is not proof of the necessary connection when a certified-mail receipt or "green card" does not identify the relationship between the person signing the card and a corporate registered agent:

> [W]here the "green card" section identified a signatory but failed to identify the signatory's relationship to the registered agent[, there is not a showing of the connection between the person signing for the process and the actual addressee]. *Ny-Mac Enter[s.], Inc. v. Orr*, [No.] 06-18-00005-CV, 2018 WL 2436350, at *2 (Tex. App.—Texarkana May 31, 2018, no pet.) (mem. op.) ("The green card, although reflecting delivery to the address for InCorp Services, Inc., was signed by Jason Casey with no indication of Casey's capacity to accept the service. Where, as here, both the 'Agent' and 'Addressee' boxes were left unchecked on the green card, the record does not indicate Casey's connection, if any, with InCorp Services, Inc."); *Paving & Seal Pro v. McConnell Cars & RV, LLC*, [No.] 04-16-00518-CV, 2017 WL 2350973, at *2 (Tex. App.—San Antonio May 31, 2017, no pet.) (mem. op.) ("In this case, both return receipts were signed by 'L. Palmer' and included her printed name as 'Lisa Palmer.' However, the face of the record does not identify Lisa Palmer or her status or affiliation, if any, with either Brooks or PSP."); *MYRMAC Corp. v. P.H.*, [No.] 02-16-00319-CV, 2017 WL 1173841, at *2 (Tex. App.—Fort Worth Mar. 30, 2017, no pet.) (mem. op.) ("As we previously recognized, the return receipt, which reflected the Weatherford address for McDonalds and its agent, was signed by Irma Medina. The record contains no information regarding who Irma Medina is or whether she was an authorized agent of the addressee for service of process."); *Alamo Home Fin., Inc. v. Duran*, [No.] 13-14-00462-CV, 2015 WL 4381091, at *5 (Tex. App.—Corpus Christi[–Edinburg] July 16, 2015, no pet.) (mem op.) ("In addition, the return of receipt is signed, illegibly, by a Veronica Cordell. Both the 'agent' and 'addressee'

boxes are left unchecked. Nowhere in the record is there any indication as to what connection Cordell has to Alamo. The record, on its face, shows that the return was not signed by the addressee or agent.").

*Asset Prot. & Sec. Servs.*, 570 S.W.3d at 383–84. A green card's failure to connect the person signing the green card with the entity being served makes service defective on its face. *See id.* at 384 (citing *Master Capital Solutions Corp. v. Araujo*, 456 S.W.3d 636, 639–40 (Tex. App.—El Paso 2015, no pet.), for proposition that because there was no showing in the record that the person who signed for the certified mailing was authorized to do so, the face of the record failed to show strict compliance with the rules of service).

**E.  There is no controversy that HWAT has met three of the four requirements needed to prevail in a restricted appeal; the only controverted requirement is whether HWAT established that the proof of service on it was fatally defective. We conclude that the face of the record establishes proof of service was fatally defective.**

Agnew makes no argument that HWAT has failed to establish three of the four grounds required to obtain relief in a restricted appeal. Specifically, there is no controversy that HWAT (1) timely filed its appeal, (2) was a party to the underlying suit, and (3) did not participate in the hearing that resulted in the judgment complained of or seek any postjudgment relief. Thus, the focus of the controversy is on the issue of whether there is some error on the face of the record. There is such an error because Agnew's proof of service of his suit on HWAT is lacking.

The green card that allegedly documented receipt of the citation by HWAT's corporate registered agent fails to show that the individual who received the citation

10

was an agent of the registered agent. As the facsimile of the card that we incorporated into this opinion shows, the person who signed the card did not check any of the boxes next to the signature to document that the person was the addressee or the addressee's agent. Under the holding of *Asset Protection* and the strict requirements of the rules of service to uphold a no-answer default judgment, that deficiency is an error on the face of the record.

Agnew disagrees with our assessment and argues that the signatory's connection to the addressee is shown. He does show a connection, just not a relevant one. He points out that the citation—not the green card—lists the name of HWAT's corporate registered agent and has "Registered Agent" circled in the accompanying printed description that gives the options of designating the person or entity served as "President, Vice-President, Registered Agent." But the connection of the corporate registered agent being the agent of HWAT is not the one that is lacking. The green card fails to establish the connection between the person who signed the green card and an agent of the registered agent—again, the very deficiency identified as rendering proof of service fatally defective by *Asset Protection* and the cases it catalogs, including an opinion from this court. 570 S.W.3d at 383–84 (citing *MYRMAC Corp.*, 2017 WL 1173841, at *2).

**F.** **Agnew steps outside the record and asks us to rely on evidence that he attached to his brief to show that HWAT had notice of his suit and to fill the gap in the record's proof of service. We cannot look to evidence outside the appellate record, and even if we could, Agnew's "evidence" of HWAT's acknowledgement of service does not remedy the error evident on the face of the record.**

Agnew's brief includes extra-record evidence in the form of (1) an email from HWAT to Agnew's counsel acknowledging receipt of the suit papers and (2) a return of citation from an unrelated case that establishes that the person who signed the green card at issue was an agent of HWAT's corporate registered agent. Counsel also attached to the brief his own affidavit that attempts to authenticate the email and claims that he confirmed that the signatory in the return of citation from an unrelated case was an agent of HWAT.

As a general proposition, we cannot review documents outside the appellate record. *In re A.M.*, No. 02-18-00412-CV, 2020 WL 3987578, at *1, n.1 (Tex. App.—Fort Worth June 4, 2020, no pet.) (mem. op.) (limiting review "to those facts and exhibits [that] are part of the record before us"); *Leggett v. SFJV 2004-1, LLC*, No. 2-06-128-CV, 2007 WL 2963775, at *1 (Tex. App.—Fort Worth Oct. 11, 2007, pet. dism'd w.o.j.) (per curiam) (mem. op.) ("We may not look outside the record but must decide the case on the record as filed."); *Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) ("We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed.").

12

And even if we could consider the extra-record evidence that HWAT allegedly acknowledged that it had been served with the suit papers, that evidence is still unavailing to Agnew. Simply, "[i]t is well established that '[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render [a] default judgment against him.'" *Wyatt v. Deal*, No. 02-18-00246-CV, 2019 WL 2432156, at *5 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op.); *Offshore Express, Inc. v. Klein Investigations & Consulting*, No. 09-17-00333-CV, 2018 WL 6542502, at *3 (Tex. App.—Beaumont Dec. 13, 2018, no pet.) (mem. op.) (citing *Wilson*, 800 S.W.2d at 836; *Harrell v. Mex. Cattle Co.*, 11 S.W. 863, 865 (Tex. 1889)).

Because we are constrained by case law to limit our review to the facts and exhibits in the record, we cannot consider the exhibits attached to Agnew's brief to connect the signatory to the proof of service.

### G. Disposition

As noted, the face of the record manifests a defect in the service-of-process proof requirements. The defect in the certified-mail receipt is dispositive, and we need not address the other defects in the proof of service that HWAT claims exist. *See* Tex. R. App. P. 47.1. Accordingly, we sustain HWAT's sole issue.

13

## IV. Conclusion

Having sustained HWAT's sole issue, we reverse the trial court's default judgment and remand the case for further proceedings consistent with this opinion.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: April 1, 2021