

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00389-CV

---

JST CONCRETE, LLC, APPELLANT

V.

CURT GREGORY, INC., D/B/A GREGORY ELECTRIC, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-0271, Honorable J. Phillip Hays, Presiding

February 9, 2024

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

In this restricted appeal, Appellant, JST Concrete, LLC, challenges the district court's default judgment taken against it and in favor of Appellee Curt Gregory, Inc., d/b/a Gregory Electric. We reverse the judgment and remand the case for further proceedings.[1]

---

[1] In a restricted appeal, the notice of appeal must be filed within six months after the judgment was signed. TEX. R. APP. P. 26.1(c). Here the judgment was signed April 27, 2023, and JST's notice of appeal was filed on October 26, 2023. Courts have interpreted Rule 26.1(c)'s period to mean six calendar months. *See Ex parte K.K.,* No. 02-17-00158-CV, 2018 Tex. App. LEXIS 1921, at *4 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op.); TEX. GOV'T CODE ANN. § 312.011(7) ("'Month' means a calendar month.").

## Background

Gregory sued JST on a sworn account.  Gregory's original petition instructed that JST

> may be served with process by serving the registered agent of said company, Grant N. Wilson at the following address . . . .  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

On March 3, 2023, the district clerk issued citation to JST, with Grant N. Wilson shown as its registered agent.

JST filed no answer.  On April 26, 2023, Gregory filed a motion for default judgment.  Attached to the motion was the "affidavit of service-certified mail" of Ryan Crumley, a private process server.  In the affidavit, Crumley averred he mailed citation and plaintiff's original petition to JST on March 7, 2023, and received a signed return receipt on March 15, 2023.  Attached to Crumley's affidavit was a photocopy of a return receipt addressed to "JST Concrete, LLC c/o Grant N. Wilson" and bearing the signature of "Dakota" with the designation "agent."

The next day, April 27, 2023, the trial court rendered judgment by default against JST, awarding Gregory money damages and attorney's fees.  JST filed a notice of restricted appeal on October 26, 2023.

## Analysis

JST argues the default judgment should be reversed because the record fails to demonstrate strict compliance with the Texas Rules of Civil Procedure concerning

2

issuance, service, and return of citation.[2]  Gregory filed a notice stating "it no longer wishe[d] to contest [JST's] demand that the default judgment granted by the trial court be set aside."  We agree with JST that the default judgment is infirm and should be set aside.

To prevail on a restricted appeal, the appellant must prove: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.  TEX. R. APP. P. 30 (restricted appeal); *Pike-Grant v. Grant,* 447 S.W.3d 884, 886 (Tex. 2014) (citing *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004)); *Cervantes v. Travis Tiles Sales, Inc.*, No. 07-16-00011-CV, 2018 Tex. App. LEXIS 694, at *2 (Tex. App.—Amarillo Jan. 24, 2018, no pet.) (mem. op.).  The face of the record, for this purpose, consists of all the papers on file in the appeal.  *See Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (writ of error review).  The record shows JST satisfied the first three requirements for prevailing on a restricted appeal.  We therefore determine whether error is apparent on the face of the record.[3]

Although JST was to be served via Wilson, its registered agent, the return receipt shows that Wilson did not accept service; "Dakota" did.  "When the citation was served by . . . certified mail . . . the return by the officer or authorized person must also contain the return receipt with the addressee's signature."  TEX. R. CIV. P. 107(c); *see Gibson v.*

---

[2] *See Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) ("For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack.").

[3] We review this legal question de novo.  *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.).

*Zo-Vac, Inc.*, No. 04-03-00884-CV, 2005 Tex. App. LEXIS 362 (Tex. App.—San Antonio Jan. 19, 2005, no pet.) (mem. op.) (finding error apparent on face of record in restricted appeal of default judgment where record showed process was served by certified mail sent to "'Gregory J. Gibson dba Stony's Trucking'" but return receipt was signed by "'J. Horner'" and record did not establish J. Horner was defendant's agent for service of process). We conclude the requirement of Rule 107(c) was not satisfied.

Moreover, the record also shows that proof of service was not on file for ten days before the trial court signed the default judgment. Rule 107 further provides, "No default judgment shall be granted in any cause until proof of service as provided by this rule . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment." TEX. R. CIV. P. 107(h); *see Livanos v. Livanos,* 333 S.W.3d 868, 875 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("The return or proof of service must affirmatively reveal that it has been in the district clerk's office for the required ten days, and, if not, the default judgment rendered is void."). Thus, Rule 107(h)'s requirement was not satisfied.

## Conclusion

We conclude the face of the record affirmatively establishes JST was not served in strict compliance with the Texas Rules of Civil Procedure. The judgment of the trial court is reversed and the case is remanded for further proceedings. *See* TEX. R. APP. P. 43.2(d).

Lawrence M. Doss
Justice

4